1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

GREGORY BROWNLOW,
CDCR #P-63997,

                                   Plaintiff,

                vs.

K. MENDOZA-POWERS,

                                   Defendant.

Civil No.    08-1455 JLS (RBB)

**ORDER SUA SPONTE DISMISSING
FIRST AMENDED COMPLAINT FOR
FAILING TO STATE A CLAIM
PURSUANT TO
28 U.S.C. §§ 1915(e)(2) and 1915A(b)\**

## I.

### PROCEDURAL HISTORY

On October 27, 2004, Plaintiff, a state inmate currently incarcerated at the California

State Prison, Los Angeles County located in Lancaster, California and proceeding pro se, filed

a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Northern District of California.

Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil

action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

§ 1915(a) [Doc. No. 2].  The Court granted Plaintiff's Motion to Proceed *IFP* on September 15,

1    2005 [Doc. No. 8]. This action was dismissed on September 6, 2007 for Plaintiff's failure to

2    update the Court with his new address. *See* Sept. 6, 2007 Order at 2. Plaintiff then filed a

3    Motion for Reconsideration on November 6, 2007 [Doc. No. 14]. The Court granted Plaintiff's

4    Motion and found that Plaintiff's Complaint contained allegations that his constitutional rights

5    were violated by Avenal State Prison officials. *See* April 28, 2008 Order at 1. Thus, the Court

6    found that venue in the Northern District was improper and transferred this action to the Eastern

7    District of California on April 28, 2008. *Id.* at 2.

8         Plaintiff filed a First Amended Complaint ("FAC") on October 9, 2008 [Doc. No. 27].

9    On November 26, 2008, this matter was reassigned to District Judge Janis L. Sammartino for all

10   further proceedings [Doc. No. 28].

11                                          **II.**

12              **SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

13        The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints

14   filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained

15   in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of

16   criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary

17   program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

18   Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any

19   portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

20   defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203

21   F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

22   446 (9th Cir. 2000) (§ 1915A).

23        Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

24   dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is

25   frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

26   324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

27   an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

28   the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *Id.* at 1127 ("[S]ection

1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Here, Plaintiff's First Amended Complaint suffers from a number of deficiencies. First, he fails to allege any specific facts or name any defendants in the body of his First Amended Complaint. Thus, as a preliminary matter, the Court finds that Plaintiff's First Amended Complaint fails to comply with FED. R. CIV. P. 8(a), which provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Second, Plaintiff raises a number of claims that would likely be construed as violations of his Eighth Amendment rights but he provides no facts whatsoever as to when these alleged violations occurred, what happened and who was involved.

1    The Eighth Amendment prohibits any punishment which violates civilized standards of

2    decency or involves the "unnecessary and wanton infliction of pain." *Ingraham v. Wright*, 430

3    U.S. 651, 670 (1977) (citing *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)).   An Eighth

4    Amendment claim challenging conditions of confinement contains both an objective and a

5    subjective component. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Osolinski v. Lane*, 92

6    F.3d 934, 937 (9th Cir. 1996).   The objective component requires the plaintiff to demonstrate

7    that he has been subjected to specific deprivations that are so serious that they deny him "the

8    minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981);

9    *see also Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).   The subjective component requires the

10   plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to

11   the plaintiff's serious needs. *See Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 298-99.

12   Deliberate indifference is the reckless disregard of a substantial risk of serious harm. *See*

13   *Farmer*, 511 U.S. at 836.

14   Here, there are no factual allegations specific as to what, if anything, has happened to

15   Plaintiff at Avenal State Prison that has violated his constitutional rights.   Thus, he cannot meet

16   the objective component of an Eighth Amendment claim.   Second, he has named Defendant

17   Mendoza-Powers  in the caption of his Complaint but Plaintiff has not alleged *any* facts to show

18   that Defendant Mendoza-Powers was ever deliberately indifferent in any way to meet the

19   subjective prong of an Eighth Amendment analysis.   Thus, Plaintiff's Eighth Amendment

20   conditions of confinement claims are dismissed as failing to state a claim upon which § 1983

21   relief can be granted.

22   In addition, Plaintiff claims that he was denied access to the courts "on least one or more

23   occasions."   (FAC at 2.)   Here, the Court finds that Plaintiff's factual allegations fall far short

24   of the pleading standards necessary to state an access to courts claim.   *See* 28 U.S.C.

25   § 1915(e)(2).   Prisoners do "have a constitutional right to petition the government for redress

26   of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van*

27   *Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.

28   1995).   In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional

right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, however, Plaintiff has not alleged any facts sufficient to show that he has been precluded from pursuing a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Moreover, Plaintiff has not alleged facts sufficient to show that he has been actually injured by any specific Defendant's actions. *Lewis*, 518 U.S. at 351.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by Defendants' actions or grievance processing that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus. *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, these claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted.

1    Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a

2    section 1983 claim upon which relief may be granted, and is therefore subject to dismissal

3    pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

4                                              **III.**

5                                **CONCLUSION AND ORDER**

6    Good cause appearing, **IT IS HEREBY ORDERED** that:

7    Plaintiff's First Amended Complaint [Doc. No. 27] is **DISMISSED** without prejudice

8    for failing to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(b)

9    & 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this

10   Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies

11   of pleading noted above.  Defendants not named and all claims not re-alleged in the Amended

12   Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

13   1987).

14   Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief

15   may be granted, it may be dismissed without further leave to amend and may hereafter be

16   counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79

17   (9th Cir. 1996).

18   **IT IS FURTHER ORDERED** that:

19   Plaintiff's Motion for Hearing [Doc. No. 30] is **DENIED** as moot.

20   DATED:  February 2, 2009

21                                      Honorable Janis L. Sammartino
                                       United States District Judge
22

23

24

25

26

27

28