# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| GREGORY BROWNLOW, <br> CDCR #P-63997, <br><br> Plaintiff, <br><br> vs. <br><br> K. MENDOZA-POWERS, et al. <br><br> Defendants. | Civil No. 08-1455 JLS (RBB) <br><br> **ORDER SUA SPONTE DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO** <br> **28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On October 27, 2004, Plaintiff, a state inmate currently incarcerated at the California State Prison, Los Angeles County located in Lancaster, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Northern District of California. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on September 15,

2005 [Doc. No. 8]. This action was dismissed on September 6, 2007 for Plaintiff's failure to update the Court with his new address. *See* Sept. 6, 2007 Order at 2. Plaintiff then filed a Motion for Reconsideration on November 6, 2007 [Doc. No. 14]. The Court granted Plaintiff's Motion and found that Plaintiff's Complaint contained allegations that his constitutional rights were violated by Avenal State Prison officials. *See* April 28, 2008 Order at 1. Thus, the Court found that venue in the Northern District was improper and transferred this action to the Eastern District of California on April 28, 2008. *Id.* at 2.

Plaintiff filed a First Amended Complaint ("FAC") on October 9, 2008 [Doc. No. 27]. On November 26, 2008, this matter was reassigned to District Judge Janis L. Sammartino for all further proceedings [Doc. No. 28]. The Court conducted a sua sponte screening as required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) and found that his First Amended Complaint suffered from a number of deficiencies of pleading. *See* Feb. 2, 2009 Order at 3-6. Nonetheless the Court granted Plaintiff the opportunity to file a Second Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* at 6. Plaintiff filed his Second Amended Complaint ("SAC") on April 13, 2009.

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its February 2, 2009 Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

///

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Once again, Plaintiff's Second Amended Complaint suffers from a number of deficiencies. As was the case with Plaintiff's First Amended Complaint, his Second Amended Complaints fails to allege any specific facts from which any of the named Defendants could form a response. Thus, as a preliminary matter, the Court finds that Plaintiff's Second Amended Complaint fails to comply with FED. R. CIV. P. 8(a), which provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction

depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Rule 8 is designed to provide defendants with fair notice of the claims against them and the grounds on which those claims rest. *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

The only allegation against Defendant Mendoza-Powers is that she "refused to investigate and/or intervene" in response to Plaintiff's "complaints that he was being physically, mentally and wrongfully violated of his rights" and these violations arise from "complaints related to the denial of access to the courts and prison law library." SAC at 3.

Plaintiff was cautioned in the Court's February 2, 2009 Order that if he is attempting to allege an access to courts claim, he must allege "facts sufficient to show that he has been precluded from pursuing a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement." Feb. 2, 2009 Order at 5 (citing *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). Plaintiff's Second Amended Complaint is completely devoid of any such allegations. Thus, Plaintiff's access to courts claim is dismissed for failing to state a claim upon which relief could be granted.

Plaintiff's attempts to allege an Eighth Amendment claim against Mendoza-Powers as a failure to protect claim also fail. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In order to establish a violation of this duty, the prisoner must allege facts sufficient to demonstrate that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. To demonstrate a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed]] an excessive risk to inmate. . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.*, at 837.

/ / /

/ / /

/ / /

In Plaintiff's previous pleadings, as well as his Second Amended Complaint, he fails to describe, with any specificity, any threat to his safety that was known to any of the Defendants. Thus, Plaintiff's Eighth Amendment failure to protect claims must also be dismissed for failing to state a claim.

Finally, the remainder of Plaintiff's claims and all the documents attached to his Second Amended Complaint relate to incidents that are alleged to have occurred years after he initially filed this action. Some appear to include allegations pertaining to his parole revocation proceedings that occurred in Los Angeles. These claims must be addressed in a separate action, filed in the Court with the proper venue, because Plaintiff could not have exhausted these claims prior to filing this action. Administrative exhaustion pursuant to 42 U.S.C. § 1997e(a) must be complete *before* the case is filed in federal court. *See McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (finding that prisoner's civil rights action must be dismissed without prejudice unless prisoner exhausted available administrative remedies *before* he filed suit, even if he fully exhausts while the suit is pending); *Vaden v. Summerhill*, 449 F.3d, 1047, 1050 (9th Cir. 2006) (finding that "an action is 'brought' for purposes of § 1997e(a) when the complaint is tendered to the district clerk"); *Brown*, 422 F.3d at 942 ("[A] prisoner may *not* proceed to federal court while exhausting administrative remedies.") (emphasis original). "The bottom line is that a prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances. He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed." *Vaden*, 449 F.3d at 1051. "Exhaustion subsequent to the filing of suit will not suffice." *McKinney*, 311 F.3d at 1199.

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Second Amended Complaint [Doc. No. 32] is **DISMISSED** without prejudice for failing to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a

1 | leave to amend is not an abuse of discretion where further amendment would be futile).
2 | The Clerk shall close the file.
4 | DATED: April 20, 2009

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge