# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

GREGORY BROWNLOW,
CDCR #P-63997,

    Plaintiff,

vs.

K. MENDOZA-POWERS, et al.

    Defendants.

Civil No. 08-1455 JLS (RBB)

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

[Doc. No. 35]

## I.

### PROCEDURAL HISTORY

On October 27, 2004, Plaintiff, a state inmate currently incarcerated at the California State Prison, Los Angeles County located in Lancaster, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Northern District of California. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on September 15, 2005 [Doc. No. 8]. This action was dismissed on September 6, 2007 for Plaintiff's failure to

update the Court with his new address. *See* Sept. 6, 2007 Order at 2. Plaintiff then filed a Motion for Reconsideration on November 6, 2007 [Doc. No. 14]. The Court granted Plaintiff's Motion and found that Plaintiff's Complaint contained allegations that his constitutional rights were violated by Avenal State Prison officials. *See* April 28, 2008 Order at 1. Thus, the Court found that venue in the Northern District was improper and transferred this action to the Eastern District of California on April 28, 2008. *Id.* at 2.

Plaintiff filed a First Amended Complaint ("FAC") on October 9, 2008 [Doc. No. 27]. On November 26, 2008, this matter was reassigned to District Judge Janis L. Sammartino for all further proceedings [Doc. No. 28]. The Court conducted a sua sponte screening as required by 28 U.S.C. §§ 1915(e)(2) & 1915A(b) and found that his First Amended Complaint suffered from a number of deficiencies of pleading. *See* Feb. 2, 2009 Order at 3-6. Nonetheless the Court granted Plaintiff the opportunity to file a Second Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* at 6. Plaintiff filed his Second Amended Complaint ("SAC") on April 13, 2009. After once again sua sponte screening Plaintiff's Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), the Court dismissed Plaintiff's entire action for failing to state a claim upon which relief could be granted. *See* Apr. 21, 2009 Order at 5-6. The Court further found that amendment of Plaintiff's § 1983 claims would be futile and thus, leave to amend was not permitted. *Id.* (citing *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996)).

Plaintiff has filed a Motion for Reconsideration of the Court's April 21, 2009 Order [Doc. No. 35].

## II.

### PLAINTIFF'S MOTION FOR RECONSIDERATION

**A.     Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion for reconsideration may be construed as a motion to alter

or amend judgment under Rule 59(e) or Rule 60(b).[1] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). In *Osterneck*, the Supreme Court stated that "a postjudgment motion will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Id.* at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

**B. Discussion**

Plaintiff's arguments are not entirely clear but he appears to claim that he did not receive the Court's Order dismissing his First Amended Complaint which notified him of the deficiencies of his pleading before filing his Second Amended Complaint. As is the case with the prior filings of Plaintiff, his Motion for Reconsideration fails to set forth coherent arguments or allegations. In the Court's Order dated April 21, 2009, the Court informed Plaintiff that his more recent allegations relating to his parole revocation hearings could not be brought in this action because they were separate claims which arose well after the filing of this action. *See* Apr. 21, 2009 Order at 5. It is well established that a prisoner attempting to bring a § 1983 civil rights suit must first exhaust their administrative remedies before filing the lawsuit. *See* 42 U.S.C. § 1997e; *see also*, *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (finding that prisoner's civil rights action must be dismissed without prejudice unless prisoner exhausted administrative remedies *before* he filed suit, even if he fully exhausts while the suit is pending): *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006) (finding that "an action is 'brought' for

---

[1] Rule 59(e) motions must be filed "no later than 10 days after the entry of the judgment." FED.R.CIV.P. 59(e). Under Rule 60(b), however, a motion for "relief from judgment or order" may be filed within a "reasonable time," but usually must be filed "not more than one year after the judgment, order, or proceeding was entered or taken." FED.R.CIV.P. 60(b). Reconsideration may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) for any other reason justifies relief. FED.R.CIV. P. 60(b).

1 purposes of § 1997e(a) when the complaint is tendered to the district clerk.").

2   The Court had also informed Plaintiff that his Second Amended Complaint, like his First Amended Complaint, failed to comply with FED.R.CIV.P. 8, as well as failed to state a claim upon which relief could be granted. *See* Apr. 21, 2009 Order at 3-4. Plaintiff's current motion does not address any of these concerns the Court raised.

   Based on the allegations set forth in Plaintiff's Motion, Court finds that Plaintiff has provided no newly discovered evidence, has failed to show clear error or that the Court rendered a manifestly unjust decision, and has further failed to identify any intervening changes in controlling law that would demand reconsideration of the Court's Order. *School Dist. No. 1J*, 5 F.3d at 1263.

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Reconsideration [Doc. No. 35] is **DENIED**. The Clerk of Court is directed to change Plaintiff's address as set forth in his Motion for Reconsideration. No further Motions will be filed in this action without prior approval of the Court. This case to remain closed.

DATED: May 13, 2009

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge